BLASS, Appellant, *vs.* STEAMBOAT ROBERT CAMPBELL, Respondent.

1. Under the fourth subdivision of the first section of the act concerning boats and vessels, (R. S. 1845,) an action cannot be maintained against a boat, for damages sustained by a hand, in being forced ashore by the master, in breach of a contract of hiring.

### *Error to St. Louis Circuit Court.*

John Blass, the appellant, brought suit in the St. Louis Circuit Court, against the steamboat Robert Campbell, under the statute concerning boats and vessels, for damages for injuries done to the appellant. The facts, as presented by the complaint, are substantially as follows : On the 31st day of June, 1851, the defendant, lying at the port of St. Louis, bound for

Blass *v.* Steamboat Robert Campbell.

the mouth of the Yellow Stone river, through one Eads, her master, employed the plaintiff, as a hand, to go to said Yellow Stone and back to St. Louis, for certain wages then agreed upon between the said parties. The plaintiff shipped on board the defendant, under said hiring, as aforesaid. After the boat had been several days out on said trip, the plaintiff got sick, and whilst so sick, the defendant unlawfully and unjustly forced and compelled the plaintiff to go ashore at a place belonging to the Gros Ventres nation, a tribe of Indians, and at a place where he was compelled, without any money, or means of sustaining, himself, to stay for a long time among the Indians, to his great pain, injury and damage ; all of which happened within six. months before the said suit was brought. To this petition, defendant demurred, which demurrer the court sustained and judgment was rendered for the defendant. Plaintiff brings the case into this court by writ of error.

H. N. *Hart*, for appellant.

The complaint clearly sets out facts sufficient to constitute a cause of action against the defendant, under the boat and vessel act, according to the fourth subdivision of the first section of said act. See boat and vessel act, sec. 1, subdivision 4,. Rev. Code, 1845.

RYLAND, Judge, delivered the opinion of the court.

From the statement of the case, we are of opinion that the demurrer to the plaintiff's petition was properly sustained in the court below. The last clause of the fourth subdivision of the first section of the act concerning boats and vessels, reads : " and for damages for injuries done to persons or property by such boat or vessel." The plaintiff contends that the breach of the contract of hiring by the captain, in forcing the boat-hand to go ashore, and leaving such hand, is within the clause above quoted. We think not. The clause was designed to embrace injuries, in which the boat was an agent, such as collisions and the like. Let the plaintiff sue the person who hired him, and who broke the contract. The judgment below is affirmed, the other judges concurring.