LUFT, Plaintiff in Error, *vs.* STEAMBOAT ENVOY, Defendant in Error.

1. Where a suit is instituted against a boat, either before a justice or a court, it must appear from the demand filed that the same is a lien.

*Error to St. Louis Law Commissioner's Court.*

Action against a steamboat, commenced before a justice of the peace, and appealed to the law commissioner's court. The complaint filed with the justice, and verified by affidavit, was as follows :

Luft *v.* Steamboat Envoy.

" Henry Luft complains that he has a demand against the steamboat Envoy, a boat used in navigating the waters of this state, amounting to one dollar and eighty cents, which demand accrued against the said steamboat, on account of the mate thereof, for services as laborer, within the thirty days next preceding the commencement of this suit, and is, in all its particulars, as follows, to-wit :

" Steamboat Envoy,

" To Henry Luft, Dr.

" To twelve hours labor, at fifteen cents per hour, $1 80 ; and the said Henry Luft further states that he has now no other demand against said steamboat Envoy, which is a lien thereon."

A motion to dismiss on account of the insufficiency of the complaint was overruled, but after judgment for the plaintiff, a motion in arrest was sustained. The plaintiff sued out a writ of error.

*Lewis & Henning*, for plaintiff in error.

*A. M. Gardner*, for defendant in error.

GAMBLE, Judge, delivered the opinion of the court.

1. The act concerning boats and vessels makes certain classes of demands liens, and authorizes proceedings against boats for their collection. The first class comprehends demands " for wages due to hands or persons employed *on board the boat or vessel*, for work done or services performed *on board the same*."

When a suit is instituted against a boat upon a demand for labor, whether the suit be before a justice of the peace or before a court, it should appear by the demand, as filed, that the same is a lien which, under the statute, is to be enforced against the boat. In the present case, the plaintiff claims a small sum for labor performed, under an employment by the mate of the boat, but it does not appear that the labor was performed on board of the boat, nor, indeed, what the character of the service was. The defendant moved to dismiss the case, because.

31—VOL. XIX.

the demand was not brought within the statute authorizing proceedings against the boat, but this motion was overruled. Afterwards, the law commissioner arrested the judgment, because of this defect in the statement of the plaintiff's demand. The motion to dismiss the case should have been sustained, because the demand of the plaintiff, as filed, did not appear to be one authorizing a suit against the boat, and although the motion in arrest of judgment is a novel motion in a suit commenced before a justice of the peace, yet it is at least as favorable to the plaintiff as the dismissal of his suit. If this court should reverse the judgment and remand the cause, with direction to dismiss it, no advantage would accrue to the plaintiff from such course. The judgment of the law commissioner will be affirmed.