JONES, Respondent, *vs.* STEAMBOAT MORRISETT, Appellant.*

1. In a suit against a boat begun before a justice, the account filed stated that the demand was for services as "fireman." *Held,* this sufficiently showed that the demand was for services done *on board the boat,* and so a lien under the act.

*Appeal from St. Louis Law Commissioner's Court.*

Action against a steamboat begun before a justice of the peace. The account filed is set forth in the opinion of the court. The constable's return to the warrant stated that the writ was executed "by going on board the steamboat Morrisett, and by seizing and attaching, as the property of said boat, the anchor, hawser and tackling of said boat."

*Marshall, Burke* and *Glover,* for appellant.

*J. B. Thompson,* for respondent.

RYLAND, Judge, delivered the opinion of the court.

The complaint and the account, with its particulars, filed in this case, is considered by this court as sufficient. It is not liable to the objection taken in the case of *Luft* v. *The Steamboat Envoy,* (19 Mo. Rep. 476.)

Here, the particulars show the work and labor done to have been done by him as a "fireman." Now, in the common course of transactions of this character, an account against a steamboat for work and labor as a fireman, would necessarily imply that the work was done on board of the boat. There was, then, no necessity to state that such work was done " on the boat" or " on board of the boat," in so many words. It appears sufficiently certain that it was done on board.

In the case of *Luft* v. *Envoy,* and that was stretching the objection as far as we are inclined to go, to say the least of it, the account was for " twelve hours' labor, at fifteen cents per hour," it was objected to, because it did not appear to be for

---

* Five other cases precisely similar were decided at the same time.

work and labor "by a person employed on board the boat or vessel," or for services performed on board the boat or vessel. The labor is charged too generally—not specific. The account did not charge the labor as done "by a fireman," or "by a deck hand."

In the case now before us, the steamer J. Morrisett is charged as being indebted to Jones, the plaintiff, on account of a demand which accrued against said steamboat on account of the mate of said boat, for work and labor, within the last thirty days, and is, in all its particulars, as follows:

"Steamboat J. Morrisett,

"To Charles Jones, Dr.

"To work and labor done as a fireman, commencing on the 1st day of May, 1854, and ending on 15th day of May, 1854, at the rate of $40 per month, or $1 35 per day, $18 62."

This account was stated to be the only demand which the plaintiff had against the boat as a lien, and it was sworn to.

The plaintiff recovered a judgment before the justice, and the defendant appealed to the law commissioner's court. In the court of the law commissioner, the defendant moved to dismiss the plaintiff's suit, because the constable's return was not good and sufficient, and because the demand in this case is not brought within the statute authorizing proceedings against the boat. This motion was overruled, and the parties submitted the case without a jury to the law commissioner, who found for the plaintiff, and rendered judgment for $18 62 and costs.

The defendant afterwards moved for a new trial, because the court had improperly refused to continue the case. This motion was overruled. The defendant then moved in arrest of judgment, which was likewise overruled, and the case is brought here by appeal.

I have already noticed the main objections. The constable's return is sufficient under the act of 1847. (Pamph. Acts, 1847, p. 11.) The court did not improperly exercise its discretion in refusing a continuance, and it properly overruled the motion in arrest of judgment.

Upon the whole record, then, there appears no error sufficient to require this court to reverse the judgment below. It is therefore affirmed, the other judges concurring.