GRANT, Respondent, v. STEAMBOAT MARIA DENNING, Appellant.

1. A. was employed as a fireman on a steamboat for a trip from St. Louis to New Orleans and back at certain agreed wages per month; after the steamboat had proceeded a short way on her trip to New Orleans, A. was discharged and put ashore without cause; the trip lasted twenty-seven days, during which A. obtained employment elsewhere for about eight or nine days. *Held*, that A.'s claim to relief might be enforced by suit against the boat to recover wages for the trip; that this claim was a lien on the boat and might be enforced as such in an action under the act concerning boats and vessels; that A. might recover wages up to the completion of the trip, deducting any wages he may in the mean time have earned on any other boat.

*Appeal from St. Louis Law Commissioner's Court.*

The facts sufficiently appear in the opinion of the court.

*Decker*, for appellant.

I. It is not in contemplation of the law to give a lien upon a boat unless the work was actually rendered on board the same. (See Blass v. The Robert Campbell, 16 Mo. 266; Jones v. Steamboat Morrisett, 21 Mo. 142.)

*Killam*, for respondent.

I. The court committed no error in refusing to dismiss. (2 Pick. 267, 232; 19 Pick. 349, 528; 12 Metc. 286; Sedg. on Dam. 216, 223; 8 Georg. 190; 25 Verm. 206; 11 Verm. 273; 2 Swan, 605; 9 Gill, 288.)

NAPTON, Judge, delivered the opinion of the court.

This was a suit against the boat for wages for one trip as fireman, at the rate of thirty-five dollars per month. It appeared that the master of the boat shipped the plaintiff at St. Louis for a trip to New Orleans and back at thirty-five dollars per month. About fifteen or twenty miles below St. Louis the plaintiff was put ashore for the alleged reason that the boat had too many men. The trip lasted twenty-seven days; during which time the plaintiff got employment elsewhere for about eight or nine days. A motion to dismiss the suit was made on the ground of a variance between the proof and the demand, and because the case made out did not create any lien on the boat.

We do not consider this case as involving any question as to the measure of damages in ordinary cases of a wrongful discharge of a servant before the expiration of his term of service. The subject of mariners' wages is governed by rules growing out of the peculiar nature of the service, and appropriately belongs to courts of admiralty, though undoubtedly actions at common law may be maintained for breaches of the contract between the master and his crew. The only question presented by this record is, whether the evidence

submitted made out a claim which, under our statute concerning boats and vessels, was a lien on the boat; and upon this point our opinion is that the decision of the law commissioner was right. In the case of the city of London, 1 Wm. Rob. Adm'r, R. 88, Dr. Lushington permitted a suit for wages where the seaman was discharged after the articles had been signed but before the voyage commenced, treating the case of an unjustifiable discharge during the voyage as one where the jurisdiction of the admiralty was indisputable. The case of Emerson v. Howland and others, 1 Mas. 45, was a suit for wages in a court having admiralty jurisdiction, and the claim was based upon an illegal discharge in a foreign port, and full wages were claimed up to the return of the vessel to this country. Judge Story observed that the courts of common law usually sustained such claims in a special action on the case for damages for the illegal discharge, but that the admiralty did not hesitate to pronounce for compensation in a *simple suit for wages*. The frequent occurrence of suits of this description in the courts of admiralty jurisdiction in the United States may be seen by reference to the second volume of Peters' Admiralty Reports, where the opinions of Judge Peters and Judge Hopkinson and some notes by the former judge and subsequent editors consider the practice well settled in this country. (The Hazard, p. 384; The Gloucester, p. 403; note, p. 406; The Roloff, p. 428.)

Our statute provides for a lien in the case of " wages due to hands or persons employed on board such *boat* or vessel for work done or services rendered on board the same." This suit is for wages, and there is no dispute that some services were rendered which fall within the meaning of our statute. In the case of Blass v. The Robert Campbell, 16 Mo. 266, the action was not for wages, but for damages for unlawfully forcing the plaintiff to go ashore at a remote point on the river among tribes of unfriendly Indians, where there was likely to be no opportunity of getting away and no means of

support at the place. The cases of Loft v. Steamboat Envoy, 19 Mo. 476, and Jones v. Steamboat Morrisett, 21 Mo. 142, are upon the point of the character of the services which come within the meaning of our statute; but in this case no doubt can be entertained that the services of a fireman are within the statute. The illegal discharge we have seen does not have the effect of driving the party to his action at common law for damages, but he may still sue for wages and the courts of admiralty will give him such wages as, under the circumstances, will indemnify him.

It will be observed that no point was raised in this case as to the proper measure of damages. No instruction was asked upon the trial. Chief Justice Abbott, in his work on shipping, states the law to be, that if a seaman is wrongfully discharged during a voyage, he is entitled to wages up to the successful termination of the voyage, deducting any wages he may in the mean time have earned in any other vessel; and this appears to have been the rule which guided the law commissioner in his verdict in this case. But Judge Story, in the case of Emerson v. Howland and others, 1 Mason, 45, permitted a recovery of wages only up to the time when the mariner returned to his place of embarkation, and not until the end of the voyage of the vessel from which he was discharged. He held, however, that there was not and ought not to be any fixed rule for all cases, but that each should be governed by its own circumstances, keeping, all the time and in every case, in view to allow a compensation which shall furnish a full indemnity for the illegal discharge. It is obvious that many of the rules adopted by courts of admiralty in reference to sea-going vessels and mariners may not be applicable, without modification, to our steamboats and their crews, making short trips of from one to four weeks. We see nothing unreasonable in the application of the rule laid down by Chief Justice Abbott in the present case, to allow wages for the trip and deduct what was earned in the mean time. Whether such a rule ought to be applied under all

circumstances is another question not necessary to be determined here.  As we are satisfied that the claim was a lien, and the propriety of the exact sum allowed the plaintiff is not a matter for review, we shall affirm the judgment.