PER CURIAM.
The appellant, plaintiff below, appeals an adverse final summary judgment. The question involved here is whether or not the appellant was a guest passenger within the purview of § 320.59, Fla.Stat., F.S.A.
The facts, which appear to be without •material conflict, are that the appellant and appellee were proceeding from a cafe, intending to ultimately attend a church sale. While en route, with the appellant driving the appellee’s car, they stopped to assist a ■motorist who had run out of gas. While attempting to refuel the disabled car, the appellant and appellee went to the rear of appellee’s automobile. However, the ap-pellee proceeded around to the driver’s side ■of his own automobile, entered, started it up, and, through some unexplained maneuver, caused it to back up, striking the appellant and breaking his legs.
The Florida guest statute § 320.59, supra, provides:
“No person transported by the owner or operator of a motor vehicle as his guest or passenger, without payment for such transportation, shall have a cause of action * * * unless such accident shall have been caused by the gross negligence or willful and wanton misconduct of the owner or operator of such motor vehicle * * [Emphasis supplied.]
It is clear from the facts in this case that the appellant was a nonpaying guest and that the accident which resulted in his injuries occurred before the transportation was concluded. See Fishback v. Yale, Fla.1955, 85 So.2d 142. Consequently, since the appellant does not contend that the appellee was guilty of gross negligence, the summary judgment entered was proper.
Accordingly, the judgment appealed is affirmed.