John J. Callahan, J.
Defendant, the Travelers Insurance Company (Travelers), has moved pursuant to CPLR 3211 (subd [a]) for judgment dismissing plaintiff’s complaint on the *137 ground, that it (Travelers) has a defense founded upon documentary evidence (E. B. T.) and further on the ground that the complaint fails to state a cause of action.
Plaintiff opposes his carrier’s (Travelers) motion and seeks an order granting judgment against Travelers or the Allstate Insurance Co. (Allstate), a codefendant.
It is apparent that defendants (insurance companies) desire a declaration as to the definition of a "user” under sections 671 and 672 of the Insurance Law.
On July 13, 1974 plaintiff was injured at approximately midnight on New York State Route 17 when returning to his automobile after leaving a restaurant. The examination before trial disclosed that plaintiff is unable to determine whether he was actually physically opening the door to his car when he was struck by an automobile driven by an Allstate insured (Nevinger). The examination before trial of the driver states that plaintiff had closed the car door and then stepped back when he was struck.
The plaintiff, John Thomas, has an automobile liability policy with Travelers pursuant to article XVIII of the Comprehensive Automobile Insurance Reparations Act. Travelers contends that plaintiff was not a user of his vehicle within the meaning of section 671 et al. of the Insurance Law and that first-party benefits under no-fault are solely recoverable from Allstate. It is Travelers contention that the plaintiff was a pure pedestrian and not a "user” of his own vehicle under the proper definition.
The other question is, was he also "entering into” the vehicle to be classified as occupying the vehicle under the terms of Part III of Travelers insurance policy.
The court is aware of the case law in the area of a "user” of a vehicle or a person "entering” for purposes of medical-pay coverage under individual insurance policies prior to no-fault. These cases have uniformly held a person to be covered and entitled to medical-pay benefits. (Lokos v New Amsterdam Cas. Co., 93 NYS2d 825; Katz v Ocean Acc. & Guar. Corp., 202 Misc 745.) But those cases were directed towards questions unrelated to the new statutory policy encompassed under the new no-fault law. They are distinguishable from the instant case in that the plaintiff herein was not upon or actually entering his vehicle when he was struck. The key inquiry is, was plaintiff engaged in the actual exercise or enjoyment of any right or property in his vehicle. This conforms to the *138 definition of a "user” as defined in Black’s Law Dictionary ([4th ed], p 1711).
An additional test of whether a person is engaged in the use of a vehicle may be made if all the following three criteria are answered in the affirmative:
(1) did the accident arise out of the inherent nature of the automobile as such;
(2) did the accident occur within the territorial limits of the automobile and the actual use, loading or unloading, must not have terminated; and
(3) the automobile must not have merely contributed to the cause of the condition but itself must produce or be a proximate cause of the injury.
The facts herein dictate a negative response to at least one of these questions. Additionally, the term "use” is the general catchall of the insuring clause designed and construed to include all proper uses of a vehicle not falling within one of the previous terms of definition. (30 NY Jur, Insurance, § 1222.) "Use” in an auto policy may not be construed to cover injuries that result from acts wholly disassociated from, independent of, or remote from the use of the vehicle.
It is clear that to recover under the contract for medical services pursuant to plaintiffs insurance policy with Travelers it would be necessary to prove the plaintiff was occupying his vehicle (Part II — Expenses for Medical Services Coverage C, Division 1 and definition of "occupying”). Clearly, on the evidence before the court the plaintiff was not "occupying” his vehicle — he was not, despite his intent, "entering into” his automobile.
While the parties hereto have indicated that this is a case of first impression, there is a very similar situation wherein a snowmobile struck a parked vehicle. (McConnell v Fireman’s Fund Amer. Ins. Co., 79 Misc 2d 219.) In affirming Justice Lynch, the Fourth Department decided the issue of whether a vehicle parked on a public street is being "used” within the meaning of the insurance Law (§ 672, subd 1, par [a]). It is stated in McConnell v Fireman’s Fund (49 AD2d 676, 677): "While authority broadly interprets the phrase 'use or operation’ the determinative predicate in establishing liability therefrom would appear to be the designed purpose of the use or activity of the involved motor vehicle which is the proximate cause of the injury or damage sustained.”
*139 The court cannot decree the plaintiff to be a "user” of his vehicle when in the instant case he is at most a pedestrian. A pedestrian cannot be converted into a user by virtue of the close proximity to his vehicle. Intention to use is not synonomous with use. Additionally section 130 of the Vehicle and Traffic Law defines a pedestrian to be "any person afoot” and certainly the plaintiff was "afoot”.
There is no question that plaintiff is a "covered” person in his status as a pedestrian and therefore is entitled to first-party benefits from Allstate. (Insurance Law, § 672, subd 1, par [a]; Cucinella v Cooper, 82 Misc 2d 877.)
The order to show cause requesting summary judgment in favor of plaintiff for "first party” no-fault benefits as against the defendant, Allstate Insurance Co., is hereby granted.
The request of defendant, the Travelers Insurance Company, for a dismissal of the complaint against it pursuant to CPLR 3211 (subd [a], pars 1, 7) is hereby granted.