141 N.J. Super. 291 (1976)
357 A.2d 836
NEWCOMB HOSPITAL, PLAINTIFF,
v.
CORNELIUS FOUNTAIN, DEFENDANT, AND CORNELIUS FOUNTAIN, THIRD-PARTY PLAINTIFF,
v.
DORIS WILLIAMS ET AL., THIRD-PARTY DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided April 12, 1976.
*292 Mr. Richard I. Rosenberg for third-party plaintiff.
Mr. Jerome S. Lieb for third-party defendants (Messrs. Lieb, Teich & Berlin, attorneys).
MILLER, J.C.C., Temporarily Assigned.
These are cross-motions for summary judgment which (R. 4:46-2) require a construction of the "New Jersey Automobile Reparations *293 Reform Act," N.J.S.A. 39:6A-1 et seq. (commonly called the "no fault" statute). The case is of first impression.
On July 5, 1974 third-party plaintiff Fountain, was an occupant of third-party defendant Williams' automobile, insured by third-party defendant Motor Club of America Insurance Co., pursuant to the statute. Williams drove her automobile into a gasoline station for refueling and a radiator check. During this procedure Fountain left the vehicle to watch the attendant adding water to the radiator. Suddenly an explosion and fire occurred, severely injuring and burning Fountain. Tests performed by the New Jersey State Police indicated the accident was caused by gasoline and other flammable solutions mixed in the water added by the attendant to the radiator.
Motor Club of America denies coverage on the dual theory that Fountain was not "occupying the automobile of the named insured," or alternatively urging that, as a pedestrian, Fountain was not "struck by an object, propelled by or from such automobile" but was injured by particles of hot water and gasoline propelled off of the automobile. N.J.S.A. 39:6A-4.
Motor Club, in denying coverage, would read "occupant" in a narrow sense, i.e., one who takes possession or has the actual use or is in possession of a thing, and it is possible to find authorities in accord. See 29 Words and Phrases, "Occupant," at 233-239 (1972). Since the duty of a court in construing a statute is to determine the manifest intent of the Legislature, Safeway Trails, Inc. v. Furman, 41 N.J. 467, 477 (1964), this statute must be interpreted in a context which serves the spirit of the law. Asbury Park Bd. of Ed. v. Hoek, 38 N.J. 213, 231 (1962). Statutory words are to be given their ordinary and well-understood meaning in the absence of explicit indication of a special meaning. Safeway Trails, Inc., supra, 41 N.J. at 478. The intent of a statute can be construed by an examination of its object and the nature of the subject matter, the contextual setting and the statutes in pari materia. Scholastic *294 strictness of definition cannot be adopted if it prevents a reasonable construction of a statute. State v. Brown, 22 N.J. 405, 415 (1956). "No fault" legislation was designed to partially remove the fault system from automobile negligence law and provide a minimum amount of protection to the public for injuries caused by the automobile by shifting compensation from a tort and/or third-party insurance to a system of first-party coverage. Harris v. Osorio, 125 N.J. Super. 468 (Law Div. 1973).
"Occupant" is the nominative of the verb "occupy," derived from the Latin "occupare," meaning to seize or take possession of, Webster's Third International Dictionary (unab. ed. 1963), and implies an activity in which one engages, use or settlement of land, the act or process of taking possession of a place or area. 29 Words and Phrases, "Occupant," at 233 (1972).
In the framework of automobile negligence law, courts have generally given a liberal interpretation of the word "occupant" or "guest occupant" in favor of an injured victim, and to acquire the status of an occupant it is not necessary for the victim to be confined within the passenger compartment. Thus, in Sheehan v. Goriansky, 321 Mass. 200, 72 N.E.2d 538, 541 (Sup. Jud. Ct. 1947), the court held that a decedent, even though a trespasser while riding on the running board of an uninsured automobile without the driver's consent, was a "guest occupant" within the meaning of the liability policy, including in its coverage liability for death or injury to a guest occupant of an insured vehicle. In Fleming v. Smart, 153 So.2d 748, 749 (Fla. D. Ct. App. 1963), the court held that a plaintiff, whose legs were broken when defendant backed up his automobile after stopping on the way to a church sale, and after plaintiff had gotten out of defendant's automobile to assist a motorist who had run out of gas, was a "guest passenger" within the guest statute, in view of the fact the trip had not been concluded at the time defendant stopped.
*295 In a similar factual situation to the one at bar, an automobile passenger who left the insured automobile, which was stalled, for the purpose of getting assistance, who walked to the front of the automobile and who was injured when an uninsured motorist struck the insured automobile and pushed it into the passenger, was an assured "occupant" within the automobile policy and was entitled to recover under the policy for his injuries. Nickerson v. Citizens Mut. Ins. Co., 393 Mich. 324, 244 N.W.2d 896, 898 (Sup. Ct. 1975).
Important to the determination of this problem is the fact that Fountain had not reached his destination at the time of the accident. The stop at the gas station was incidental to the purpose of the trip. After the attendant serviced the car Fountain would have returned to the vehicle interior. To hold the status of Fountain as "occupant" changed because he exited for a brief moment would be to defeat the intent of the statute. Fountain at the time of the accident enjoyed the status of "occupant" and is entitled to no fault benefits.
Moreover, this approach makes sense; N.J.S.A. 39:6A-4 affords protection to "persons sustaining bodily injury while occupying the automobile." It further protects pedestrians. One who, while a passenger, descends momentarily to observe the vehicle, either remains as occupant or becomes a pedestrian. Either way, the result is the same, but common sense would dictate that in this type of situation the original status of occupant was never terminated.
Motor Club's second argument, assuming Fountain's status as a pedestrian, that the injuries were caused by objects propelled "off" of an automobile and not "by or from such automobile," as required by N.J.S.A. 39:6A-4, seems to imply a distinction without a difference. "By" means "through the agency or instrumentality of." Webster's Third International Dictionary (unab. ed. 1963). Judicial interpretations are in accord. Blass v. The Robert *296 Campbell, 16 Mo. 266, 267 (Sup. Ct. 1852); Carroll v. Industrial Comm'n of Colorado, 69 Colo. 473, 195 P. 1097 (Sup. Ct. 1920); Stevenson v. Lee Moor Contracting Co., 45 N.M. 354, 115 P.2d 342, 349 (Sup. Ct. 1941); 5A Words and Phrases, "By" at 791-792 (1972). "From" is a preposition used to indicate a source, course or agent, and implies a starting point of time or place. Websters' Third International Dictionary (unab. ed. 1963). Judicially it has been defined as out of the limits, departure or point of departure, separation, or removal of distance in space, time or condition. 17A Words and Phrases, "From" at 379-382 (1973). Manifestly, describing the hot water and gasoline as being propelled "by or from" an automobile does not violate and is compatible with the connotation of the operative words because it can be equally said Fountain was struck by an object (hot water, and gasoline) propelled by (the agency or instrumentality of) or from (removed or distance in space) an automobile.
In short, Fountain's legal position is unassailable. He is entitled to recover either as an occupant or as a pedestrian A judgment in his favor to include interest at the statutory rate (N.J.S.A. 39:6A-5(c)) may be entered.