■ JOHN THOMAS, Respondent, v TRAVELERS INSURANCE COMPANY, Respondent, and ALLSTATE INSURANCE COMPANY, Appellant.—Order unanimously affirmed, with costs. Memorandum: Plaintiff-respondent sustained personal injuries when he was struck by an automobile insured by defendant-appellant Allstate. At the time of the accident plaintiff was crossing the highway after leaving a restaurant intending to enter his own parked vehicle insured by defendant-respondent Travelers. From the testimony at the examination before trial it is not clear whether plaintiff had actually touched the door handle of his vehicle before being struck by the vehicle insured by Allstate but he was close to it and it is conceded his intention immediately before the accident was to enter his vehicle. Special Term properly granted Travelers' motion for summary judgment dismissing the complaint as to it and granting plaintiff's cross motion for summary judgment against Allstate. Under the provisions of the Insurance Law (§ 670 *et seq.),* and the standard no-fault automobile insurance policy, plaintiff's injuries did not arise out of the "use and operation" of his vehicle (see *McConnell v Firemans Fund Amer. Ins. Co.,* 49 AD2d 676). At the time of

the accident, plaintiff was a pedestrian and was a covered person entitled to benefits from Allstate, the insurer of the vehicle that struck him (see Insurance Law, § 672, subd 1, par [a]). Inasmuch as the plaintiff was not engaged in operating his automobile, Allstate's allegations concerning intoxication do not raise a defense to the action (see Insurance Law, § 672, subd 2, par [b]). (Appeal from order of Cattaraugus Supreme Court—summary judgment.) Present—Cardamone, J. P., Simons, Mahoney, Dillon and Goldman, JJ. [87 Misc 2d 136.]