459 A.2d 358

**Laura CONTRISCIANE, Executrix of the Estate of Kenneth A. Contrisciane, Deceased**

v.

**UTICA MUTUAL INSURANCE COMPANY and The Aetna Casualty and Surety Co.**

**Appeal of UTICA MUTUAL INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued January 18, 1982.

Filed March 18, 1983.

Reargument Denied May 25, 1983.

Petition for Allowance of Appeal Granted Oct. 4, 1983.

Charles W. Craven, Philadelphia, for appellant.

Peter J. Rohana, Springfield, for Contrisciane, appellee.

Robert A. Rosin, Philadelphia, for Aetna, appellee.

Before JOHNSON, WATKINS and LIPEZ, JJ.

WATKINS, Judge:

This appeal comes to us from a judgment and order of the Court of Common Pleas of Delaware County modifying an arbitrator's award.

The case arises from a sequence of events which occurred on December 26, 1976, which resulted in the death of Kenneth A Contrisciane. The decedent was operating an automobile owned by his employer, Future Cars, Inc., when he was involved in a minor traffic accident with a car operated by Ann Killen. A police officer quickly arrived, at which time the decedent was standing by the driver's window of Ms. Killen's car exchanging information with her. The police officer requested the decedent to get his owner's card and operator's license from his car. When the decedent returned, the police officer was sitting in the police car completing an accident report. While the decedent was standing beside the police car, he was struck and killed by

an automobile driven by David Patterson, an uninsured motorist.

The appellee, as executrix of the estate of the decedent, filed suit against Utica Mutual Insurance Company, the motor vehicle insurance carrier for the decedent's employer, and also against Aetna Casualty and Surety Company, the motor vehicle insurance carrier for the decedent's father. The Utica policy covered fifteen vehicles with limits of $15,000—$30,000, and The Aetna policy covered three vehicles with the same limits. This matter proceeded to arbitration in accordance with the Pennsylvania Arbitration Act of 1927, 5 P.S. 161 et seq. The arbitrators concluded that the appellee was entitled to compensatory damages in the amount of $200,000, but decided that the appellee's recovery was limited to $15,000 from Aetna. The panel concluded that since the decedent was not a named insured under any of the policies and he did not pay any of the premiums, he was only entitled to coverage under one policy. The panel also found that the appellee could not recover under the Utica policy since the decedent was a pedestrian at the time he was struck. According to the terms of the Utica policy, appellee's decedent could be considered an insured only if he was "occupying" a vehicle insured by Utica. The Utica policy defined the term "occupying" as "in or upon or entering into or alighting from." The panel found as a matter of fact that the decedent was standing on the highway approximately ninety-seven feet from his employer's vehicle when he was struck and therefore was not occupying the vehicle. Appellee filed a petition to Vacate, Modify, or Correct an Arbitration Award on November 20, 1978. The Court of Common Pleas held that the decedent was occupying his employer's vehicle at the time he was struck and modified the award so as to exonerate Aetna and hold Utica liable for $200,000.

Utica appealed asserting that the Court of Common Pleas exceeded its powers of review when it modified the arbitrator's award. Section 11 of Arbitration Act of 1927, 5 P.S. 171, provides in pertinent part that:

In either of the following cases the court shall make an order modifying or correcting the award upon the application of any party to the arbitration:

Where the award is against the law, and is such that had it been a verdict of the jury the court would have entered different or other judgment notwithstanding the verdict. The court may modify and correct the award or resubmit the matter to the arbitrators.

The arbitrators found as a matter of fact that appellee's decedent was standing ninety-seven feet from his employer's vehicle at the time he was struck. After interpreting the terms of the Utica policy, they found as a matter of law that the decedent was not occupying the vehicle and, therefore, was not covered by the Utica policy. It is well established that the interpretation of an insurance policy is a question of law for the court. *Blocker v. Aetna Casualty and Surety Co.*, 232 Pa.Superior Ct. 111, 332 A.2d 476, 477 (1975). Since the determination of whether the decedent was occupying the car is really an interpretation of the terms of the insurance policy, the lower court did not exceed its powers by reviewing the arbitrator's decision.

Appellant also contends that the Court of Common Pleas erred in finding that the decedent was occupying the vehicle at the time of the accident. The question of whether one is "occupying" a vehicle under circumstances such as we have here is one of first impression. The general rule of construction used by the courts when interpreting an insurance policy is that "an insurance policy is to be construed most strongly against the insurer and liberally in favor of the insured to effect the policy's dominant purpose of indemnity or payment to the insured where the terms of the policy are ambiguous or uncertain and the intention of the parties is unclear." *Eichelberger v. Warner*, 290 Pa.Superior Ct. 269, 434 A.2d 747, 749 (1981). This rule has been used indirectly in interpreting the term "occupying" in order to include situations where the claimant is physically outside the insured vehicle at the time of the accident, but has not terminated his use of the vehicle. *Hathcox v.*

*Liberty Mutual Insurance Co.*, 90 Mich.App. 511, 282 N.W.2d 374 (1979); *Robson v. Lightening Rod Mutual Insurance Co.*, 59 Ohio App.2d 261, 393 N.E.2d 1053 (1978). The lower court applied a "vehicle-oriented/highway-oriented" test in order to find that the decedent was occupying his vehicle when he was struck. There were primarily two considerations which led the lower court to conclude that the decedent had not severed his connection with the vehicle and had not terminated his use of the vehicle. The first was the fact that the vehicle remained on the highway throughout the decedent's conversation with Ms. Killen and the police officer. The second was the fact that the decedent's passenger remained in the vehicle the entire time. Therefore, it is clear that the decedent was still vehicle-oriented. Such an interpretation is consistent with the mandates of the Uninsured Motorist Act, 40 P.S. 2000, which provides in pertinent part:

> (a) No motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state, unless coverage is provided therein or supplemental thereto.... for the protection of persons insured thereunder or legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death resulting therefrom...

The decedent was "using" the motor vehicle when he left his passenger in the vehicle to go and exchange information with Ms. Killen and the police officer and must, therefore, be found to have been "occupying" the vehicle at that time. Any other interpretation of the term "occupying" would be in derogation of and repugnant to the Uninsured Motorists Act. Furthermore in *Tyler v. INA*, 311 Pa.Superior Ct. 25, 457 A.2d 95 (1983) this Court held that an uninsured passenger on a bus who had alighted from the bus and taken three

or four steps toward the nearest shoulder of the road when she was struck by a motorcycle was covered under the bus company's no-fault insurance coverage as an "occupant" of the vehicle. Thus, it is clear that one need not be physically present in a vehicle to be an "occupant" thereof for no-fault insurance purposes. These considerations lead to the conclusion that the decedent was insured under the Utica policy.

The next issue raised is whether the separate uninsured motorist coverages under the Utica policy should be cumulated so as to allow the appellee to recover the $200,-000 to which the arbitrators found she was entitled. Appellant contends that the "Limits of Liability" clause in the policy precludes such cumulation. That clause provides that:

> Regardless of the number of ... highway vehicles to which this policy applies, (a) The limit of liability stated in the schedule as applicable to "each person" is the limit of the company's liability for all damages because of bodily injury sustained by one person as the result of any one accident...

The stated limit of liability for bodily injury sustained by one person is $15,000, and appellant contends that the recovery should be limited to that amount.

■ The Supreme Court enunciated the conditions to be met in order to allow such cumulation in *State Farm Mutual Life Insurance Co. v. Williams*, 481 Pa. 130, 392 A.2d 281 (1978). "The insured may recover uninsured motorists benefits: (1) If the insured party paid the premiums of the policy and was the named insured; and (2) If the recovery under the second uninsured motorist coverage was limited to actual damages; and (3) If the recovery is not limited by the statutory exclusions." *State Farm Mutual Life Insurance Co. v. Williams*, supra. The first contention has not been met here since the decedent did not pay the premiums and he was not a named insured under the policy. However, this court has previously modified the first condition. In *Sones v. Aetna Casualty and Surety*

*Co.,* 270 Pa.Superior Ct. 330, 411 A.2d 552 (1979), the court was faced with the cumulation issue when dealing with a limitation of liability nearly identical to the one involved here. It was written that "a liability-limiting provision in a policy, the effect of which is to prohibit and preclude *an injured person who is an insured under the policy* from pyramiding or cumulating the separate uninsured motorist coverages available to him is in derogation of and repugnant to the Uninsured Motorist Act which requires uninsured motorist coverage in all policies of insurance with respect to each motor vehicle insured." (Emphasis added.) *Sones v. Aetna Casualty and Surety Co.,* supra. Concentrating on the emphasized language, it becomes clear that this court does not believe that one must be a named or designated insured under a policy in order to cumulate the uninsured motorist coverage. Therefore, since it has already been determined that the decedent was insured under the Utica policy, cumulation may be allowed.

The issue of the payment of premiums must also be addressed. In *Marchese v. Aetna Casualty and Surety Co.,* 284 Pa.Superior 579, 426 A.2d 646 (1981), this court dealt with a policy which covered twenty dealers plates owned by Wrona, one of which was designated in the policy for the use of Marchese. Due to the fact that Marchese was insured under the policy, the court allowed the coverage to be "stacked" even holding that that requirement was not a condition precedent to recovery in all cases.

All of the necessary conditions for cumulation having been met, the appellee is entitled to cumulate, up to the amount of the loss, the coverage available to the decedent under the other insured vehicles.

Judgment of the lower court holding that the decedent was occupying his employer's vehicle at the time he was struck and modifying the award so as to exonerate Aetna and hold Utica liable for $200,000 is affirmed.

LIPEZ, J., concurs in the result.