## Graduate Hospital v. Chubb Insurance Co.

*Michael N. Borish,* for plaintiff.
*John Tucci, Jr., Charles Craven and Joseph Connor, III,* for defendants.

LORD, J., December 14, 1983—This is an action for no-fault benefits brought by a seriously injured plaintiff. There is no doubt that these benefits must be paid by one or more of defendants (Home Mutual Insurance Co., Chubb Insurance Co. or Erie Insur-

ance, Co.). The basic facts are stipulated and a summary is as follows.

On April 6, 1983 plaintiff was a passenger in an automobile owned by his mother, which ran into a snow bank partly off the road surface. He exited the car intending to push it. An automobile owned by a Mr. Barris (insured by defendant Erie) then approached the vehicle in the snow bank. An Econoline vehicle owned by Girard Trust (insured, by defendant Chubb) and operated by its employee then came in contact with the Barris vehicle and forced it into plaintiff and the Bigansky vehicle and plaintiff was crushed between such vehicles.

The court took testimony and finds that plaintiff was pushing the Bigansky vehicle either at or immediately before the crash. The applicable and controlling statute in this case is the Pennsylvania No-fault Motor Vehicle Insurance Act, 40 P.S. §1009.204(a). Under section 204(a) the specific issue is whether plaintiff was an "occupant" of his mother's car at the time of the accident. If he was, defendant Home Insurance, is responsible for all the no-fault benefits §204(a)(3). If he was not, then all the defendants are equally responsible for their pro rata share. Sections 204(a)(4) and 204(b).

While our courts could have adopted a definitive rigid rule, they did not. They could have said that once a person is physically outside an automobile he is no longer an occupant; they have not. Instead, they have proclaimed a rule of "highway oriented" as opposed to "vehicle oriented." Tyler v. Insurance Co. of N.A., 311 Pa. Super. 25, 457 A.2d 95 (1983). In that case a passenger was alighting from a bus and was discharged on the highway and had taken "three or four steps" and then was hit. The court found that he was still vehicle oriented even though

he had no intention to reboard the bus. The court said, "He continues to occupy the motor vehicle until he severs all connection with it." See also Contrisciane v. Utica Mutual Insurance Co., 312 Pa. Super. 549, 459 A.2d 359 (1983).

Certainly, Mr. Bigansky who was either parking the vehicle or had pushed the vehicle immediately before the accident and who intended to re-enter the vehicle and continue on his journey was more vehicle oriented than the passenger in Tyler who had taken three or four steps and who did not intend to re-enter the vehicle.

This court concludes that plaintiff was still vehicle oriented and, therefore, an occupant of the vehicle and that defendant Home Insurance Co. is responsible for all of the no-fault benefits.

The second question is whether or not plaintiff's counsel is entitled to attorney's fees. 40 P.S. § 1009.107(3). The court finds that the refusal of defendant Home Insurance Company has a reasonable basis, although it was incorrect and awards no counsel fees.*

There is no case directly in point on the issue of whether a plaintiff pushing a car is an occupant and although the court has reached a decision that he is still an occupant, counsel for Home Insurance was certainly entitled to test the issue and the refusal had a reasonable basis.

Chubb paid one-third of the benefits to date and under this ruling is entitled to reimbursement.

---

*It is legally irrelevant that Home has up to this point contributed one-third of the no-fault benefits to date and that plaintiff's counsel also represents plaintiff in the third-party action. However, in the light of these facts, the result is certainly equitable.

Chubb also contents that if the court decides that it should be reimbursed for the payment which it voluntarily made, it is entitled to counsel fees and interest at 6 percent. We think not. It is certainly commendable that Chubb voluntarily made one-third of the payments and it is to be praised for this action. (It incidentally saved 18 percent if it did not pay and this court concluded it owed one-third). But the court cannot see any statutory authority for awarding it interest or counsel fees.

Finally, Graduate Hospital, which supplied services to plaintiff, claims it is entitled to the 18 percent no-fault interest in this case. The court rejects this contention. We do not decide whether a victim could assign its claim for interest at 18 percent only, after an examination of the assignment in this case that plaintiff did not assign such interest. The assignment which was drawn by the hospital does not contain an explicit assignment of interest and therefore, we hold there was no assignment of the interest by an instrument which merely assigns hospital benefits.

## ORDER

And now December 14, 1983, defendant Home Mutual Insurance Company is ordered to pay all of plaintiff's medical expenses and wage losses due under the no-fault law plus interest and to reimburse defendant Chubb for all of the payments it has made.