**Daniel J. ROSE, Plaintiff–Appellee,**

v.

**ALLSTATE INSURANCE COMPANY, Defendant–Appellant.**

**No. 86CA0358.**

Colorado Court of Appeals,
Div. III.

Dec. 10, 1987.

Rehearing Denied Jan. 14, 1988.

Certiorari Granted (Rose) May 16, 1988.

Robert E. Williamson, Duane A. Cole, Fort Collins, for plaintiff-appellee.

Fischer, Brown, Huddleson & Gunn, Stephen J. Jouard, Fort Collins, for defendant-appellant.

KELLY, Judge.

In this action to recover under a no-fault automobile insurance policy issued by the defendant, Allstate Insurance Company, defendant appeals the judgment entered in favor of the plaintiff, Daniel J. Rose. The sole issue is defendant's contention that the trial court erred in ruling that Rose was a pedestrian at the time of the accident in question. We reverse.

The facts are uncontested. Rose was a passenger in a pickup truck that was returning to Cheyenne after he and two companions had spent the evening in Fort Collins. The driver of the vehicle stopped beside Interstate 25 to allow Rose to get out of the truck to remove his coat. A vehicle driven by defendant's insured struck the truck as Rose started to re-enter it resulting in a back injury to Rose.

Rose sued Allstate and its insured, who is not a party to this appeal, alleging five claims for relief. All but one were settled prior to trial. However, upon stipulation of the parties, the trial court was asked to determine whether Rose was an occupant of the truck or a pedestrian at the time of impact: If Rose was a pedestrian, Allstate would be required to pay him personal injury protection benefits under the insurance

policy with its insured. If, however, Rose was occupying the truck, then his claim for PIP benefits is against its driver. *See* § 10–4–703(9), C.R.S. (1987 Repl.Vol. 4A).

Benefits are payable under Colorado's "no-fault" insurance statute, § 10–4–701, et seq., C.R.S., for "accidental bodily injury arising out of accidents occurring within this state sustained by ... any person ... *while a pedestrian* if injured in an accident involving [the insured's] vehicle." Section 10–4–707(1)(c), C.R.S. (1987 Repl.Vol. 4A) (emphasis added). A pedestrian is defined as "any person *not occupying* or riding in or upon a motor vehicle or machine operated by motor or engine." Section 10–4–703(9). (emphasis added).

There is a split of authority as to whether persons who are exiting or entering motor vehicles are occupants or pedestrians for purposes of no-fault insurance coverage. *See* Annot., 35 A.L.R.4th 364 (1985). Here, the trial court concluded that Rose was not occupying the vehicle when it was struck. We disagree.

In construing the statutory definition of pedestrian, we must "give effect to a legislative enactment according to its plain and obvious meaning." *Trinity Universal Insurance Co. v. Hall,* 690 P.2d 227 (Colo. 1984); § 10–4–703(9). In *Trinity Universal,* the supreme court disapproved a limiting interpretation of the definitional statute; however, it provided no test for determining whether, under the facts presented here, Rose should be considered a pedestrian.

■ It is not sufficient to determine the status of an injured person as a pedestrian solely on the basis of the physical location of the person at the time of the injury. Rather, an appropriate test should also address the other facts and circumstances surrounding the occurrence. *Cf. Smith v. Simpson,* 648 P.2d 677 (Colo.App.1982). Particularly important is the intent of the injured person at the time of the accident.

Such a test has been applied in a variety of fact situations. Thus, an injured person was considered as occupying a vehicle in which he was riding until all connection with it had been severed and he had thereby become "highway oriented" as opposed to "vehicle oriented." *See Tyler v. Insurance Co. of North America,* 311 Pa.Super. 25, 457 A.2d 95 (1983).

Also, an injured party who is not confined within the passenger compartment of a vehicle is, nonetheless, still occupying the vehicle. *See also Contrisciane v. Utica Mutual Insurance Co.,* 312 Pa.Super. 549, 459 A.2d 358 (1983) (victim still "vehicle oriented" even though 97 feet away when killed). *Newcomb Hospital v. Fountain,* 141 N.J.Super. 291, 357 A.2d 836 (1976) (victim injured while outside vehicle considered still an occupant because of intent to continue with the vehicle until it reached its final destination). *But see Clinton v. National Indemnity Co.,* 153 Ga.App. 491, 265 S.E.2d 841 (1980) (fireman injured by firetruck held not to be occupying it after arriving at the scene in his own vehicle); *Hollingworth v. American Guarantee & Liability Insurance Co.,* 105 R.I. 693, 254 A.2d 438 (1969) (injured party had no connection to a car except its impact on him); *Thomas v. Travelers Insurance Co.,* 87 Misc.2d 136, 384 N.Y.S.2d 610 (1976), *aff'd,* 387 N.Y.S.2d 498, 54 A.D.2d 608 (1976) (individual returning to vehicle from restaurant held not occupying it despite his intent to do so).

■ The undisputed facts in this case indicate that Rose was in the act of re-entering the truck at the time of the collision. He testified in his deposition that he had one hand on the truck's dashboard and the other on the armrest of the door. He was unsure whether he had a foot in the truck when Lucero's vehicle struck him. It is uncontroverted that Rose intended to continue his status as an occupant of the vehicle until it reached Cheyenne and that the driver of the truck expected him to do so. *See Newcomb Hospital v. Fountain, supra.*

We conclude that Rose intended to occupy the vehicle and was "vehicle oriented" at the time of the accident. He was, therefore, an occupant of the pickup and not a pedestrian. *See Tyler v. Insurance Co. of North America, supra.*

The judgment is reversed and the cause is remanded to the trial court with directions to enter judgment of dismissal as to plaintiff's claim against defendant.

TURSI and CRISWELL, JJ., concur.