**MFA MUTUAL INSURANCE COMPANY, Petitioner,**

v.

**GOVERNMENT EMPLOYEES INSURANCE COMPANY, Respondent.**

No. 89SC75.

Supreme Court of Colorado, En Banc.

Jan. 16, 1990.

Douglas K. Goss, Goss & Waltz, Denver, for petitioner.

James M. Dieterich, White and Steele, P.C., Denver, for respondent.

PER CURIAM.

We granted certiorari to review an unpublished decision of the court of appeals regarding the allocation of the payment of Personal Injury Protection (PIP) benefits between two insurance companies under the Auto Accident Reparations Act (adopting "no-fault" insurance), sections 10–4–701 to –723, 4A C.R.S. (1987 & 1989 Supp.). The court of appeals held that the petitioner MFA Mutual Insurance Company (MFA) had no right to be reimbursed by the respondent Government Employees Insurance Company (GEICO) for PIP benefits paid by MFA to its insureds for injuries arising out of an accident involving MFA's insured and GEICO's insured because MFA's insureds were occupants of the MFA vehicle and not pedestrians. Applying the test we adopted in *Rose v. Allstate Insurance Co.*, 782 P.2d 19 (Colo.1989), we hold that the MFA's insureds were pedestrians and therefore we reverse the judgment of the court of appeals and remand the case to that court to consider other issues raised by the parties but not previously addressed by the court of appeals.

Under the undisputed facts of this case, a driver operating an automobile insured by MFA, together with his two passengers, were injured when they stopped on the shoulder of Interstate 70 to change a flat tire. The MFA insureds were leaning into the trunk of the MFA automobile, trying to remove a spare tire, when they were struck from behind by an automobile driven by GEICO's insured. MFA paid PIP benefits to its insureds and sued GEICO for reimbursement. On a motion for summary judgment, the trial court found that, pursuant to section 10–4–707(1)(c), 4A C.R.S. (1987), the injured persons were occupants of the MFA automobile and not pedestrians, and therefore MFA was solely liable for the PIP benefits.

In upholding the trial court, the court of appeals applied the test which it had adopted in *Rose v. Allstate Insurance Co.*, 754 P.2d 416 (Colo.Ct.App.1987), *aff'd on other grounds*, 782 P.2d 19 (Colo.1989). The court of appeals found that because the injured persons were "vehicle oriented" at the time of the accident in that they

intended to continue their status as passengers of the vehicle until it reached its final destination, they were occupants of the MFA vehicle. Slip op. at 2.

On certiorari review of *Rose*, we rejected the "vehicle oriented" test adopted in that case by the court of appeals for determining whether a person was an "occupant" or a "pedestrian." We held that an occupant of an automobile for purposes of the payment of PIP benefits under section 10–4–707(1)(c) included any person who is riding in or upon a vehicle, or who has begun the immediate act of entering into or alighting from a vehicle. *Rose*, 782 P.2d at 24. A pedestrian, we held, was anyone who was not an occupant whose injuries have some causal connection to the use of a motor vehicle. *Id.* Under the facts of the case now before us, the injured persons were pedestrians according to the test we adopted in *Rose*.

GEICO points out that pursuant to section 10–4–707(1)(c), the injured persons were covered under the MFA policy whether they were classified as pedestrians or occupants, whereas they were covered under GEICO's policy only if they were pedestrians. Because the court of appeals found that the injured persons were occupants of the MFA vehicle and not pedestrians, it did not consider GEICO's claim that, if the injured persons were pedestrians, then section 10–4–707(3) required a pro rata sharing of the cost of PIP benefits between MFA and GEICO. MFA, on the other hand, argued to the court of appeals that the PIP coverage of the GEICO policy is primary and therefore that GEICO is solely responsible for paying PIP benefits in this case.

Because we granted certiorari only to consider whether the persons injured here were pedestrians or occupants, we remand this case to the court of appeals to consider the respective liabilities of GEICO and MFA in light of our holding that the injured persons in this case were pedestrians. Reversed and remanded with directions.