■ In the Matter of the Arbitration between NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Respondent, and MARK HAYDEN, Appellant, and ALLSTATE INSURANCE COMPANY, Respondent. (Appeal No. 1.) [619 NYS2d 910] —Order affirmed without costs. Memorandum: Respondent Mark Hayden suffered personal injuries when he fell through a hole in a railroad trestle. Prior to the fall, Hayden was a passenger in a

truck owned by Timothy Galley, an insured of respondent Allstate Insurance Company (Allstate). Hayden had an automobile insurance policy with petitioner, New York Central Mutual Fire Insurance Company (New York Central). Hayden, Galley and a third companion had been driving a four-wheel vehicle on a service road that parallels a railroad track. The railroad track and service road cross Dead Creek on a trestle and, as the truck proceeded over the trestle, its left wheels became stuck in a gap between the track and a plank road. As Hayden walked around the truck, ostensibly to assess the situation, he fell through a hole in the trestle. Approximately 10 months after the incident, Hayden gave notice of his claim to Galley and to Allstate. After Allstate disclaimed coverage, Hayden filed a demand for arbitration of an uninsured motorist claim against New York Central, which commenced this proceeding to stay arbitration. Supreme Court held that Allstate's disclaimer was valid and also permanently stayed arbitration on the ground that the accident did not arise out of the use of a motor vehicle.

We agree with the court's conclusion that the accident did not arise out of the use of a motor vehicle. "Not every injury occurring in or near a motor vehicle is covered by the phrase 'use or operation'. The accident must be connected with the use of an automobile *qua* automobile" *(United Servs. Auto. Assn. v Aetna Cas. & Sur. Co.,* 75 AD2d 1022; *see also, Matter of Manhattan & Bronx Surface Tr. Operating Auth. [Gholson],* 71 AD2d 1004, 1005; *Thomas v Travelers Ins. Co.,* 87 Misc 2d 136, 137-138, *affd* 54 AD2d 608). "The use of the motor vehicle must be the proximate cause of the injury in the underlying action to come within the ambit of the 'use or operation' clause" *(Lumbermen's Mut. Cas. Co. v Logan,* 88 AD2d 971; *see also, Olin v Moore,* 178 AD2d 517, 518). We conclude that Hayden's accident did not arise out of the inherent nature of the automobile as such. The accident did not occur within the vehicle or during its actual use, loading or unloading, and the automobile did not produce the injury but merely contributed to it *(see, Lumbermen's Mut. Cas. Co. v Logan, supra; cf., Gering v Merchants Mut. Ins. Co.,* 75 AD2d 321).

In light of our determination herein, it is unnecessary to reach the issue of the validity of Allstate's disclaimer based upon late notice.

All concur except Lawton, J., who dissents in part and votes to modify in the following Memorandum.

Lawton, J. (dissenting). I respectfully dissent in part because I cannot agree with the majority's conclusion that respondent's injuries did not arise out of the use of a motor vehicle. Respondent Mark Hayden fell through a hole in a train trestle when, after exiting the vehicle in which he was riding, which had become stuck in the trestle, he walked around it to assess and remedy the problem. Given the proximity in time and distance of the occurrence, Hayden's actions in assessing the need for repairs cannot be distinguished from the actual rendering of repairs and as such constitutes a use of the vehicle *(see, Gering v Merchants Mut. Ins. Co.,* 75 AD2d 321, 323).* Consequently, Supreme Court erred in staying Hayden's demand for arbitration on the ground that Hayden's injuries did not arise out of the use of a vehicle and therefore were not covered by either no-fault insurance or the driver's insurance policy with respondent Allstate Insurance Co. (Allstate).

The court properly determined, however, that Allstate validly disclaimed coverage on the ground that Hayden did not provide it with timely notice of the occurrence. The record established that the accident occurred on September 5, 1988 and that Allstate was not given notice until July 12, 1989. Because Hayden failed to provide an adequate excuse for the 10-month delay, the delay was unreasonable as a matter of law *(see generally, Deso v London & Lancashire Indem. Co.,* 3 NY2d 127; *Virtuoso v Aetna Cas. & Sur. Co.,* 134 AD2d 252; *Jenkins v Burgos,* 99 AD2d 217, 219-222).

I would, therefore, modify Supreme Court's order by denying petitioner's application for a stay of arbitration. (Appeal from Order of Supreme Court, Erie County, Doyle, J.—Reargument.) Present—Balio, J. P., Lawton, Wesley, Doerr and Boehm, JJ.