■ JOSEPH SANDO, Appellant, v FIREMEN'S INSURANCE COMPANY OF NEWARK, NEW JERSEY, Respondent.—Appeal from a judgment of the Supreme Court in favor of defendant, entered February 6, 1980 in Fulton County, upon a decision of the court at a Trial Term, without a jury. According to stipulated agreed facts, an employee of the Knight Oil Corporation brought one of the corporate vehicles to plaintiff's place of business to have repairs performed on the vehicle. During the course of making repairs to the vehicle's clutch, and while plaintiff was lying underneath the vehicle, it rolled on plaintiff, causing him to sustain injuries to his left leg. Plaintiff commenced this action to recover first-party benefits as provided for under the Comprehensive Automobile Insurance Reparations Act (Insurance Law, art 18), and to recover medical payments under an insurance policy issued by defendant to the Knight Oil Corporation. Defendant refused to make payment on the grounds that (1) the injury to plaintiff did not arise out of the use and operation of a covered motor vehicle within the provisions of the policy and the statutory language of the no-fault law, and (2) the provisions of the medical payment clause of the policy were not applicable to the plaintiff. The trial court agreed and granted defendant's motion to dismiss the complaint. Under the regulations implementing the act (11 NYCRR 65.2; 11 NYCRR 65.1 [i] [6]), it is provided that when used in reference to this coverage, *"use or operation* of a motor vehicle includes the loading or unloading of such vehicle, but does not include conduct within the course of a business of repairing, servicing, or otherwise maintaining motor vehicles, unless the conduct occurs off the business premises." We, therefore, agree with Trial Term that plaintiff was not eligible for first-party benefits, since at the time of the accident, plaintiff was engaged in his business of making repairs to the vehicle. Significantly, the stipulated facts stated that the vehicle was brought "to have repair work done by Joseph Sando at his place of business." We also concur with Trial Term's finding that plaintiff was not entitled to medical payments since he was not "occupying" a motor vehicle within the terms of the policy in question. Judgment affirmed, with costs. Greenblott, J. P., Sweeney, Kane, Mikoll and Casey, JJ., concur.