OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed and plaintiff’s motion for summary judgment granted.
 

 The owner’s liability policy under which plaintiff insured Gene’s Bus Service Inc. excluded “bodily injury * * * arising out of the * * * maintenance * * * of (i) any automobile owned or operated by * * * insured.” In light of that exclusion it was error to deny plaintiff summary judgment declaring that it was not obligated to share with the State
 
 *942
 
 Insurance Fund, Gene’s Bus Service’s compensation insurer, in the defense and payment of a third-party claim over against Gene’s by Firestone Tire & Rubber, one of the defendants in an action for personal injury brought by an employee of Gene’s injured while changing a tire on one of its buses.
 

 The undisputed facts establish that the employee was engaged in the maintenance of an automobile owned by Gene’s when he was injured, thus bringing the claim over within the policy exclusion. Special Term nevertheless construed the exclusion not to encompass automobile maintenance carried out on business premises for business purposes, relying on
 
 Graphic Arts Mut. Ins. Co. v Bakers Mut. Ins. Co.
 
 (45 NY2d 551, 557-558) and on
 
 Sando v Firemen’s Ins. Co.
 
 (79 AD2d 774).
 
 Sando
 
 is, however, clearly distinguishable, for it concerned the exclusion from no-fault coverage of injuries resulting from “conduct within the course of
 
 a business of
 
 repairing, servicing, or otherwise
 
 maintaining motor vehicles”
 
 (emphasis supplied). So also is
 
 Graphic Arts,
 
 for we deal here with a premises liability policy, which expressly excludes
 
 all
 
 on-premises automobile maintenance, not, as in
 
 Graphic Arts,
 
 an automobile policy under which the insured would have been liable had a stranger been the injured party, and therefore could be held liable over to a joint tort-feasor even though its employee was concurrently liable. The exclusion from coverage claimed in
 
 Graphics Art
 
 turned on who the operator was at the time of an
 
 otherwise
 
 covered activity. The exclusion in plaintiff’s policy turns solely on the nature of the activity, which is excluded entirely by the clear language of the policy. To hold otherwise is to rewrite plaintiff’s policy, which excludes all liability arising out of automobile maintenance on premises and, therefore, excludes liability for the claim alleged in Manco’s personal injury complaint.
 

 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, with costs, and plaintiff’s motion for summary judgment granted in a memorandum.