489 A.2d 873

**Henrietta THORNTON, Appellant,**

**v.**

**UNITED STATES FIDELITY AND GUARANTY COMPANY.**

Superior Court of Pennsylvania.

Argued Oct. 23, 1984.

Filed March 8, 1985.

Petition for Allowance of Appeal Denied Aug. 9, 1985.

Anthony J. Seneca, Washington, for appellant.

William M. Radcliffe, Uniontown, for appellee.

Before SPAETH, President Judge, and BROSKY and OLSZEWSKI, JJ.

BROSKY, Judge:

The appeal was taken by the plaintiff in this case from the trial court's order of March 31, 1983, which denied plaintiff's motion for summary judgment, and granted defendant's motion for summary judgment. Appellant argues that the trial court erred in refusing to award No-Fault[1] benefits to her.[2] We affirm.

As the trial court noted in its opinion, there was no dispute as to the facts. Appellant was injured at her place of employment, the New Stanton Volkswagen Plant, when she was struck by an automobile which was being driven by another employee inside the Emissions Building from the warm up booth to the emissions testing booth. Appellant was walking to the coffee break area at the time she was struck. The lower court entered summary judgment against appellant, ruling that appellant was not a "victim", "an individual who suffers injury arising out of the maintenance of use of a motor vehicle," since "maintenance or use of a motor vehicle" "does not include conduct within the course of business of repairing, servicing, or otherwise maintaining motor vehicles unless the conduct occurs off the business premises...." Section 103 of the Act. We agree with the lower court's finding that this case falls within the above exclusion.

1. Pennsylvania No-Fault Motor Vehicle Insurance Act, 40 P.S. § 1009.-101 et seq.

2. Appellant actually divides her argument into three parts. We find it unnecessary to treat each part as a separate issue. Furthermore, we find appellant's third issue—whether or not appellant herself was "in the process of performing any functions of ... servicing ... the vehicle"—to be totally meaningless.

■■■■ The word "servicing" is not defined in the No-Fault Act. One of the definitions of the word "service" [3] provided in Webster's unabridged Third New International Dictionary, however, is "action or use that furthers some end or purpose: conduct or performance that assists or benefits someone or something. . . ." It seems clear to us that the vehicle in question was being "serviced" at the time of the accident, "within the course of a business," since it was being tested and prepared for use as a vehicle for the transportation of people. In addition, we note that the definition of the phrase "maintenance or use of a motor vehicle" includes the language "as a vehicle." This is an important part of the definition. At the time of the accident, the vehicle was not being operated in typical fashion for the transportation of persons, but was being moved from one place of servicing to another. The Act's Findings and Purposes, Section 102, speaks of "the transportation of individuals by motor vehicle over . . . highways." Considering the Act as a whole, we believe that the interpretation given the Act by the lower court was correct. The No-Fault Act was not intended to cover an employee of a car manufacturer who is injured on the employer's premises by another employee who is merely moving the car within a building from one servicing booth to another.[4]

Judgment affirmed.

SPAETH, President Judge, files a concurring statement.

SPAETH, President Judge, concurring:

I concur in the majority's order because, in my view, a vehicle not yet released from the factory is not yet a "motor vehicle" within the No-Fault Act. This was not the trial court's view, but a correct decision will be sustained if it can be sustained for any reason. *Sherwood v. Elgart*, 383 Pa. 110, 117 A.2d 899 (1955).

---

**3.** "Servicing," of course, is merely the gerund of "service," and means "the act of providing service."

**4.** See *Monaghan v. Pa. Mfrs'. Ass'n. Ins. Co.*, 301 Pa.Super. 419, 447 A.2d 1037 (1982).