■ DOROTHY BATES, Plaintiff, v ASTRID COLE, Defendant and Third-Party Plaintiff-Appellant, et al., Defendants and Third-Party Plaintiffs. GOVERNMENT EMPLOYEES' INSURANCE COMPANY, Third-Party Defendant-Respondent.—In a negligence action to recover damages for personal injuries, the defendant and third-party plaintiff Astrid Cole appeals from an order of the Supreme Court, Nassau County (Kutner, J.), dated August 10, 1988, which denied her motion to compel the third-party defendant Government Employees' Insurance Company to

defend her in the action by the plaintiff and which awarded summary judgment to the third-party defendant Government Employees' Insurance Company.

Ordered that the order is affirmed, without costs or disbursements.

On March 2, 1984, the plaintiff Dorothy Bates was injured when she fell down a flight of steps in a building owned by the defendants Margaret Huebner and Michael Moe. Their mother, the defendant and third-party plaintiff Astrid Cole, who lived in the building, had leased a portion of the premises to Bates. At the time of the accident, at least two other persons resided in the building. Cole only notified the third-party defendant and insurer Government Employees' Insurance Company (hereinafter GEICO) of this occurrence on January 15, 1986, after receiving a letter from Bates' counsel dated December 27, 1985. By letters dated February 6, 1986 and February 23, 1986, GEICO disclaimed coverage based on the untimeliness of the notice as well as the fact that Cole had breached an exclusionary clause in the insurance policy. This action was commenced by Bates against Cole, Huebner and Moe who then initiated a third-party action against GEICO.

The relevant clause within the policy states, in effect, that coverage for personal liability and for medical payments to others is excluded if the premises are rented, in part, for use as a residence by more than two roomers or boarders. In the instant case, Cole admitted that at the time of the occurrence, in addition to Bates, there was a Mr. Hatton and a Ms. Bergart also residing as tenants in the building. We agree with the Supreme Court, Nassau County, that this triggered the exclusionary clause within the policy and that GEICO was not obligated to defend or indemnify Cole. When the language within an insurance contract is clear and unambiguous, it will be enforced and will not be rewritten by the courts (see, *Pennsylvania Millers Mut. Ins. Co. v Manco*, 63 NY2d 940; *Breed v Insurance Co.*, 46 NY2d 351; *Hovdestad v Interboro Mut. Indem. Ins. Co.*, 135 AD2d 783).

As the policy excludes coverage when the premises are rented, in part, as a residence "by more than two roomers or boarders" and, by Cole's own admission, there were at least three tenants paying her for their room and board, the exclusion was triggered and there was no duty on GEICO's part to defend or indemnify. We reject the posture taken by Cole that the arrangement with Hatton and Bergart was tantamount to a "surrogate family". There is no evidence in the record

showing that Hatton and Bergart, described as tenants by Cole in her deposition, established a permanent household with Cole which might permit a finding that a family unit existed *(see, Crane Neck Assn. v New York City/Long Is. County Servs. Group,* 61 NY2d 154, *appeal dismissed and cert denied* 469 US 804; *City of White Plains v Ferraioli,* 34 NY2d 300).* Thompson, J. P., Brown, Eiber and Rosenblatt, JJ., concur.