810

**GREAT PLAINS INSURANCE COMPANY, INC., Plaintiff-Appellee,**

v.

**Patrick ANGERMAN, Defendant-Appellant.**

**No. 90CA1990.**

Colorado Court of Appeals, Div. III.

Dec. 19, 1991.

Rehearing Denied Jan. 16, 1992.

Certiorari Dismissed May 13, 1992.

White and Steele, P.C., John P. Craver, S. James Rourke, Denver, for plaintiff-appellee.

Law Office of Paul Radosevich, Paul Radosevich, Denver, for defendant-appellant.

Opinion by Judge CRISWELL.

In this declaratory judgment action instituted by plaintiff, Great Plains Insurance Co. (Great Plains), the trial court granted summary judgment to it after concluding that it was not liable under either of two insurance policies issued by it to pay personal injury protection (PIP) benefits to defendant, Patrick Angerman. Defendant's appeal requires us to consider whether defendant's injuries arose out of the "use" of a motor vehicle under the Colorado Auto Accidents Reparation Act, § 10–4–701, et seq., C.R.S. (1987 Repl.Vol. 4A) (the Act). Since we conclude that such a "use" was present in the incident in which defendant was injured, we hold that the statute mandates coverage under both policies at issue. Hence, we reverse and remand for further proceedings.

Defendant was employed as a warehouseman. In addition to his regular job duties, his employer engaged him to repair

and maintain its motor vehicles. It also allowed him, outside of his regular hours of employment, to repair and maintain vehicles of fellow employees. Defendant was paid for this maintenance and repair work, much of which was accomplished on the parking lot owned by his employer, adjacent to the warehouse where he was regularly employed.

Defendant was injured while engaged in inspecting a vehicle owned by a co-employee (Di Paulo) upon which defendant had previously worked. Di Paulo had brought the vehicle to the employer's parking lot, and defendant had placed it on a jack and removed one of its wheels so as to inspect its brakes. While he was inspecting the brakes, the vehicle fell off of the jack on to defendant, causing him serious injuries.

Great Plains had issued an automobile liability insurance policy, providing PIP benefits, both to defendant and to Di Paulo. Both policies contained identical provisions. Each provided that Great Plains would pay benefits for "bodily injury ... caused by an accident arising out of the *use* or operation of a motor vehicle." (emphasis supplied)

Each policy, however, also contained an exclusion under the terms of which no PIP benefits would be paid for:

bodily injury sustained by any person *other than the named insured* ... arising out of conduct occurring within the course of *a business of* selling, *repairing,* servicing, storing, parking or otherwise maintaining motor vehicles, unless such conduct occurs off the business premises. (emphasis supplied)

In seeking summary judgment, Great Plains argued that defendant's injuries did not arise out of the "use" of a motor vehicle within the meaning either of the Act or of either policy.

Agreeing with this assertion, the trial court entered summary judgment for Great Plains.

## I. The Act

Both parties here agree that a proper determination of the issues raised necessitates a reference to the requirements of the Act. Indeed, both acknowledge that, ultimately, it is the statutory requirements, and not the specific policy provisions, which dictate whether a policy, issued to comply with the Act, provides coverage for PIP benefits. *See Trinity Universal Insurance Co. v. Hall,* 690 P.2d 227 (Colo.1984) (policy provision inconsistent with Act is void).

■ One of the purposes of the Act is to provide compensation to "victims of automobile accidents" by providing "benefits to persons occupying such vehicles" and to other persons "injured in accidents involving such vehicles." Section 10-4-702, C.R.S. (1987 Repl.Vol. 4A).

To accomplish this purpose, the Act mandates the payment of benefits, principally in the form of reimbursement for medical expenses, wage replacement, and rehabilitation services "because of bodily injury arising out of the *use* or operation of a motor vehicle." Section 10-4-706(1)(b) and (c) C.R.S. (1987 Repl.Vol. 4A) (emphasis added). The class of persons entitled to receive such benefits consist of the named insured, or a relative of the named insured who is a resident by the same household, § 10-4-707(1)(a) and (b), C.R.S. (1987 Repl. Vol. 4A), and "any other person ... while a pedestrian if injured in an accident involving" the insured vehicle. Section 10-4-707(1)(c), C.R.S. (1987 Repl.Vol. 4A).

■ Hence, the precise question presented here is whether defendant's injuries arose out of the "use" of the Di Paulo vehicle. Great Plains does not assert that, if those injuries arose out of the use of the vehicle within the meaning of the Act, the exclusionary language of the policy could be applied to deny recovery. Hence, construction of the statute is dispositive, since any construction of the policy's exclusion, if inconsistent with the Act, would render the exclusion void. *See Trinity University Insurance Co. v. Hall, supra.*

## II. "Use" under the Act

■ Defendant argues that the trial court erred in concluding that his injuries

did not arise out of the "use" of the Di Paulo vehicle. We agree.

■ For purposes of the Act, an injury arises out of the use of a motor vehicle if there is "a causal connection between the use of the vehicle and the injuries sustained." Indeed, for purposes of the Act, injuries arise from the use of a vehicle even if the vehicle is being used for a purpose other than transportation. *Trinity Universal Insurance Co. v. Hall, supra* (vehicle used for sale of food and beverages). *See Kohl v. Union Insurance Co.*, 731 P.2d 134 (Colo.1986) (injuries and death resulting from removal of rifle from parked vehicle during course of hunting trip arose from use of the vehicle).

Cases from other jurisdictions arising under similar statutes are substantially uniform in holding that activity involving servicing or repairing a vehicle constitutes a "use" of such vehicle. *See Hopkins v. Liberty Mutual Insurance Co.*, 156 N.J.Super. 72, 383 A.2d 458 (1978) (injury occurred while inflating a flat tire at service station); *United Services Automobile Ass'n v. United States Fire Ins. Co.*, 36 Cal.App.3d 765, 111 Cal.Rptr. 595 (1973) (injury resulted from fire in gasoline container started while carburetor being repaired).

Cases which have reached a different result have relied upon particular language in a statute or regulation creating a specific exception to the generally broad concept of "use." *See Thornton v. United States Fidelity & Guaranty Co.*, 340 Pa.Super. 126, 489 A.2d 873 (1985) (no-fault statute specifically provided that "maintenance or use ... does not include conduct within the course of business of repairing, servicing, or otherwise maintaining motor vehicles unless the conduct occurs off the business premises"); *Sando v. Firemen's Insurance Co.*, 79 A.D.2d 774, 435 N.Y.S.2d 68 (1980) (regulation containing substantially identical language).

The Act contains no similar provision. Further, while the precise issue has not yet been passed upon by a Colorado appellate court, our supreme court has authorized recovery under the Act for injuries occurring when individuals were struck by another vehicle while they were standing beside their vehicle preparing to change a flat tire. *MFA Mutual Insurance Co. v. Government Employees Insurance Co.*, 785 P.2d 128 (Colo.1990).

We conclude, therefore, that there is a "causal connection" between injuries occurring during the course of repairing a vehicle and the use of that vehicle. Hence, we also conclude that such repair activities constitute a "use" of the vehicle within the meaning of § 10–4–706 of the Act.

■ Great Plains seeks to draw a distinction between what it terms "roadside" repairs made by the occupants of a vehicle and repairs undertaken by a person at his place of business, who is paid for his services. However, while such a distinction might properly be drawn by a legislative body, there is nothing in the present Act to indicate that the General Assembly meant to draw such a distinction; the Act treats all "pedestrians" the same, irrespective of their income-producing activity at the time of their injury.

Moreover, the failure of the Act to draw such a distinction becomes even more significant in light of the fact that other legislative bodies *have* incorporated a specific statutory exclusion within their "no fault" statutes similar to the exclusion contained within Great Plains' policies here. *See Thornton v. United States Fidelity & Guaranty Co., supra.* Under such circumstances, the General Assembly's silence upon the subject may be considered as indicative of a deliberate intent not to exclude persons like defendant from coverage under the Act. *See People v. Wheatridge Poker Club*, 194 Colo. 15, 569 P.2d 324 (1977); *Q–T Markets, Inc. v. Fleming Companies, Inc.*, 394 F.Supp. 1102 (D.Colo. 1975).

For these reasons, we determine that defendant is entitled to recover under the terms of both policies to the extent that both policies would otherwise provide coverage for his injuries.

The judgment of the trial court is reversed, and the cause is remanded to it for

the entry of a declaratory decree consistent with the above views.

METZGER and NEY, JJ., concur.