OPINION OF THE COURT
Ira J. Raab, J.
*385 The Facts
On October 19, 1998, defendant insurance company issued an automobile insurance policy containing a New York no-fault endorsement to Norberto Feliciano, who was treated at plaintiff hospital from October 19, 1998 through October 23, 1998, for burn injuries sustained in the accident.
This action was commenced in Nassau County Supreme Court and was then removed to the Nassau County District Court under CPLR 325 (d), and assigned to this Justice, who was then a Nassau County District Court Judge.
After a framed issue hearing before this Judge in the District Court on a motion and cross motion for summary judgment, it was determined that the insured executed an assignment of benefits to plaintiff; that on June 25, 1999, plaintiff mailed to defendant, by certified mail, return receipt requested, an $8,419.37 claim for medical services; that on June 30, 1999, the claim was received by defendant’s agent; that the defendant failed to deny or pay the claim within 30 days after receipt of the claim; and that the defendant failed to request verification of information within 10 days of receipt of the claim.
Stipulation as to the Facts
On January 2, 2001, the case was transferred back to the Supreme Court after this Judge was elevated to the Supreme Court. At the trial in the Supreme Court, the parties stipulated to the following relevant facts: Norberto Feliciano was working under the hood of his unoccupied parked van when the carburetor exploded. The burn injuries that Mr. Feliciano received were a direct result of the exploding carburetor. He was treated at plaintiff hospital for these bums. The hospital’s billing company, Hospital Receivables Corporation, prepared the hospital facility form (N-F5), which is a no-fault form that a hospital may submit to verify hospital treatment, as well as satisfying the requirement of submitting an application for no-fault benefits.
*386 Claims of the Parties
Defendant raises a defense that the personal injury caused by the exploding carburetor while the plaintiffs assignor was working under the hood of the parked and unoccupied van did not arise out of “the use and operation of’ the motor vehicle. (Sando v Firemen’s Ins. Co. of Newark, N.J., 79 AD2d 774 [3d Dept 1980]; Insurance Law § 5102 [b], |j].) Thus, claims the defendant, the event was not covered by the statute or the insurance policy.
Plaintiff claims that even though the event may not have been covered by the statute and the insurance policy, nevertheless, the defendant is precluded from raising such a defense because the defendant did not deny or pay the claim within 30 days after the receipt of the claim.
Stipulation as the Issue of Law
The parties stipulated that the court will determine if the defendant’s failure to pay or deny the claim within 30 calendar days after receipt of the claim precludes the defendant from raising a defense of noncoverage of the event. The parties further stipulated that if there is preclusion, judgment will be entered in favor of the plaintiff for the amount of the claim, and if there is no preclusion, judgment will be entered in favor of the defendant.
The Statute
Insurance Law § 5106 (a) requires that a no-fault insurer either pay or deny a no-fault first-party benefits claim submitted to it within 30 calendar days of the receipt of such claim. Payment of first-party benefits and additional first-party benefits shall be made as the loss is incurred. Such benefits are overdue if not paid within 30 calendar days after the claimant supplied proof of the fact and amount of loss sustained. If proof is not supplied as to the entire claim, the amount which is supported by proof is overdue if not paid within 30 calendar days after such proof is supplied. Alternatively, 11 NYCRR 65.15 (d) (1) permits the insurer to request verification of information within 10 business days of receipt of the claim. Failing to exercise either option precludes an insurer from raising defenses to the claim, except the defense of noncoverage. Defendant insurance company asserts such a noncoverage defense.
Discussion
In St. Clare’s Hosp. v Allcity Ins. Co. (201 AD2d 718 [2d Dept 1994]), the Court said that it is incumbent upon the *387 insurer to pay or deny the claim and set forth its defenses within 30 days of receipt of the claim as required by Insurance Law § 5106 (a) and 11 NYCRR 65.15 (g) (3).
In Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co. (90 NY2d 274 [1997]), the Court of Appeals, in a case involving a policy “exclusion,” upheld a lower court ruling stating that an insurer may be precluded from interposing an intoxication exclusion defense for failure to deny a no-fault benefits claim within 30 days of receipt as required by Insurance Law § 5106 (a) and 11 NYCRR 65.15 (g) (3). The Court held that an insurer is precluded from raising such an affirmative defense to a no-fault first-party benefits assignee’s claim where the insurer neither paid nor denied the claim within 30 days of receipt of the claim, nor sought to effectively extend the 30-day requirement by requesting verification in prescribed fashion.
In New York Presbyt. Hosp. v Empire Ins. Co. (295 AD2d 325 [2d Dept 2002]), coverage was denied because the injury arose out of an event that was not covered by the policy. In that case, the motor vehicle policy stated that “Coverage was not afforded to any person operating a motor vehicle while in an intoxicated condition or while his/her ability to operate such vehicle is impaired by the use of a drug.” The Court ruled that because the defendants failed to reject the claim of the plaintiff for payment of no-fault benefits within 30 days as prescribed by Insurance Law § 5106 (a) and 11 NYCRR 65.15 (g) (3), the defendants are precluded from disclaiming coverage. It further ruled that 11 NYCRR 65.15 (g) (5) does not extend the 30-day limit.
In Katz v Allstate Ins. Co. (96 AD2d 930 [2d Dept 1983]), the Court held that an insurer is not required under Insurance Law § 167 (8) to give notice of disclaimer, where at the time of accident the insured’s automobile had been stolen and was being operated by a thief without knowledge or consent of the insured, and plaintiff was aware from the inception that the vehicle had been stolen and was being operated by a thief. The Court stated (at 931):
“The policy clearly never contemplated any coverage while the vehicle was in the hands of a thief. Contrary to plaintiffs’ contention, this is not a situation where both the driver and the vehicle were covered, but there was no insurance 6 “by reason of exclusion” ’; rather, there is no insurance protection here by ‘ “lack of inclusion” ’, and written notice was, therefore, not required” (citing Zappone, *388 infra).
In Zappone v Home Ins. Co. (55 NY2d 131, 136 [1982]), the Court of Appeals stated that an insurer can disclaim coverage in five possible situations: (i) where the insured has breached the terms of the policy by failing to cooperate in the defense of the lawsuit brought by the injured person; (ii) where the insured has failed to give notice of the accident or of the commencement of an action against the insured; (iii) where, although the person and vehicle are covered by the policy, the circumstances of the accident (the event) bring a policy exclusion into play; (iv) where the insurer made no contract of insurance with the person and for the vehicle involved in the accident in question; and (v) where there had been a policy at one time, but it was canceled by the insurer or terminated by an act of the insurer prior to the accident.
In the within action, we are dealing with situation (iii) above, in that the defendant claims that the circumstances of the occurrence brings into play a policy exclusion. The policy involves injuries incurred by the use and operation of motor vehicles, and not injuries incurred during repairs. Since there is no insurance covering an accident during a repair, there is no duty imposed on the defendant to pay or deny the claim within the 30-day statutory period. Thus, there can be no preclusion because of the defendant’s failure to timely pay or deny the claim.
In Presbyterian Hosp. in City of N.Y. v Atlanta Cas. Co. (210 AD2d 210 [2d Dept 1994]), the Court precluded the insurer from raising a defense regarding injuries and treatment, clearly distinguishing this type of defense from a defense of lack of policy coverage by noninclusion. The Court held (at 211-212): “This is not a case like those relied upon by the defendant where the claimant, the vehicle, or the event subject was facially outside of the four corners of the insurance contract” (citing Zappone, supra, and others).
This noncoverage of the event exception to the “rule of preclusion” was reinforced by the Court of Appeals in Central Gen. Hosp. v Chubb Group of Ins. Cos. (90 NY2d 195 [1997]). The Court held that a defendant, in a no-fault insurance case, may raise a defense that the injury did not arise from a covered accident, even though the defendant did not pay or deny the claim within 30 calendar days. The Court explained (at 199) "that an insurer, despite its failure to reject a claim within the 30-day period prescribed by Insurance Law § 5106 (a) and 11 NYCRR 65.15 (g) (3), may assert a lack of coverage defense *389 premised on the fact or founded belief that the alleged injury does not arise out of an insured incident.” In support of this conclusion, the Court stated (at 199), “Precedent and logical analysis support extension of the Zappone exception here.” The Court favorably cited Zappone in concluding that the insurer’s untimely disclaimer does not preclude it from denying liability on a strict lack of coverage ground, despite the fact that the defendant insurance company neither paid nor denied the claims within 30 days as required by Insurance Law § 5106 (a) and 11 NYCRR 65.15 (g) (3), and failed to request verification within the prescribed time frame (11 NYCRR 65.15 [d] [1], [2]). Strict compliance with the time requirements of both the statute and the regulations may be obviated, thereby rendering the preclusion remedy unavailable, when the denial of claim is premised on the lack of coverage of the event.
The denial for “lack of coverage” in Central Gen. Hosp. (supra) was based on the grounds that the alleged injury did not arise out of an insured incident. The Court of Appeals stated that in using the words “denial of coverage,” the Legislature did not intend to require notice when there was never an insurance policy in effect, and the Legislature did intend by that phrase to cover only situations in which a policy of insurance that would otherwise cover the particular accident, is claimed not to cover it because of an exclusion in the policy. In that case, the Court allowed the insurer to assert an affirmative defense based upon the belief that the alleged injury does not rise out of an insured accident.
Conclusion
The facts in the within case involve a lack of coverage defense based upon the contention that the accident, which occurred during the repair of the unoccupied parked insured vehicle, is not of the type of accident covered under the “four corners of the insurance contract.” The within accident, and the injuries sustained thereby, arose out of an event that simply was not covered by the automobile insurance policy. Thus, following the rules set forth in Central Gen. Hosp. and Zappone (supra), the defendant is not precluded from raising the defense of noncoverage.
Accordingly, pursuant to the stipulation of the parties, the complaint is dismissed. Judgment may be entered in favor of the defendant, and against the plaintiff.